It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

\*     \*     \*     \*     \*     \*     \*

Appeals abandoned so far as they relate to tobacco.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, excepting the tobacco, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to tobacco, to that extent the appeals are hereby dismissed.

Judgment will be rendered accordingly.

ALFRED DUNHILL OF LONDON, INC. *v.* UNITED STATES

No. 6135.—Invoices dated London, England, May 1943, etc.
Certified May 1943, etc.
Entered at New York, N. Y., June 2, 1943, etc.
Entry No. 731706, etc.

(Decided April 26, 1945)

John D. Rode (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

CLINE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the issues in these appeals for reappraisement, enumerated in the annexed schedule, are the same in all material respects as the issues decided in *United States* v. *Alfred Dunhill of London, Inc.*, Suit No. 4481, C. A. D. 305, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise here involved, less the addition made by the importer on entry because of advances by the appraiser in similar cases, is equal to the cost of materials, and fabrication, manipulation or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character

by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

ALFRED DUNHILL OF LONDON, INC. v. UNITED STATES

No. 6136.—Invoices dated London, England, November 22, 1943, etc.
Entered at New York, N. Y., February 29, 1944, etc.
Entry No. 726052, etc.

(Decided April 26, 1945)

*John D. Rode* (*Jacob L. Klingaman* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

CLINE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the issues in these appeals for reappraisement, enumerated in the annexed schedule, are the same in all material respects as the issues decided in *United States* v. *Alfred Dunhill of London, Inc.,* Suit No. 4481, C. A. D. 305, and that the record in said case may be incorporated herein.

It is further stipulated and agreed that the appraised value of the merchandise here involved, less the addition made by the importer on entry because of advances by the appraiser in similar cases, is equal to the cost of materials, and fabrication, manipulation or other process employed in manufacturing or producing such or similar merchandise at a time preceding the date of exportation of the involved merchandise which would ordinarily permit the manufacture or production thereof in the usual course of business, plus the usual general expenses (not less than 10 per centum of such cost) in the case of such or similar merchandise, plus the cost of all containers and coverings, and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum of the costs of materials and fabrication or manipulation and general expenses) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that these cases may be submitted on the foregoing stipulation.